United States District Court
Eastern District of New York

------------------------------------------------------------------X
AFS/IBEX, a division of METABANK,

                                 *Plaintiff*,

            v.

AEGIS MANAGING AGENCY LIMITED, AEGIS SYNDICATE 1225, CRC INSURANCE SERVICES, INC., and TRANSPORTATION WRITERS, INC.,

                                *Defendants*.
------------------------------------------------------------------X

**AMENDED COMPLAINT**
18 Civ. 631
L.D.W.
A.K.T.
Plaintiff demands trial by jury

Plaintiff, by its attorney, STEVEN G. LEGUM, as and for its complaint, respectfully alleges:

1. Plaintiff AFS/IBEX ("AFS") is a division of MetaBank, a national bank existing by virtue of and under the laws of the United States with its place of business in the State of Texas. AFS does business in the State of New York as an insurance premium finance company.

2. Upon information and belief, Aegis Managing Agency Limited is a corporation existing by virtue of and under the laws of Great Britain which does business on the Lloyd's of London Exchange as Aegis Syndicate 1225 (collectively "Aegis"). Aegis underwrites insurance risks in the United States and is authorized to do so under the laws of the State of New York.

3. Upon information and belief, CRC Insurance Services, Inc. ("CRC") is a corporation existing by virtue and under the laws of the State of Alabama.

4. Upon information and belief, CRC is licensed in the State of New York as an insurance brokerage firm and does business as such within the State of New York.

5. Upon information and belief, Transportation Writers, Inc. ("Transportation") is a corporation existing by virtue of and under the laws of the State of New York and is licensed by the Department of Financial Services of New York as an insurance brokerage firm.

6. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 in that there is complete diversity and the amount in controversy is in excess of $75,000.00, exclusive of interests and costs.

7. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391 in that one of the defendants, Transportation, is a citizen of New York with its place of business within the Eastern District of New York and that the insurance policy upon which this action is based covered a risk for a New York insured located within the Eastern District of New York.

8. Upon information and belief, Aegis underwrote two policies of insurance for Red Hook Construction Group–II, LLC ("Red Hook").

9. Upon information and belief, one policy was an umbrella policy and the other a general liability policy, both of which incepted on October 3, 2016.

10. Upon information and belief, the total premiums for the two policies was $3,320,960.00.

11. Plaintiff financed the aforesaid premiums at Red Hook's request and advanced the sum of $2,988,864.00 to Aegis, through its representatives, as directed.

12. Such financing was made pursuant to a premium finance agreement executed by Red Hook and forwarded to plaintiff by Red Hook's insurance broker, Transportation. The premium finance agreement is annexed hereto as exhibit "A."

13. Pursuant to the terms of such premium finance agreements between Red Hook and the plaintiff, the funds financed were to be repaid to the plaintiff, together with interest.

14. In the premium finance agreement, the insured, Red Hook, assigned its rights to unearned and return premiums to plaintiff.

15. The defendants were duly, properly, and lawfully notified of the assignment of unearned and return premiums to the plaintiff.

16. Upon information and belief, Aegis underwrote an additional policy of insurance for Red Hook. Upon information and belief, such policy was an umbrella policy which incepted on March 26, 2017.

17. Upon information and belief, Aegis, at or about the time that it underwrote the aforesaid

umbrella policy extended the term of the general liability policy which it had previously underwritten.

18. Upon information and belief, the total premiums for such umbrella policy and for the extension of the general liability policy was $2,905,760.00.

19. Plaintiff financed the aforesaid premiums at Red Hook's request and advanced the sum of $1,783,788.16 to Aegis, through its representatives, as directed.

20. Such financing was made pursuant to a premium finance agreement executed by Red Hook and forwarded to plaintiff by Red Hook's insurance broker, Transportation. The premium finance agreement is annexed hereto as exhibit "B."

21. In the premium finance agreement, Transportation represented that the "policies can be canceled by Insured or the company and the unearned premiums will be computed on the standard short rate or pro rata basis." Such representation, among others, was made and signed by an authorized agent of Transportation.

22. Upon information and belief, Transportation placed the aforesaid insurance through CRC who, in turn, procured the policies of insurance from an authorized agent of Aegis.

23. Pursuant to the terms of the premium finance agreement (exhibit "B") between Red Hook and the plaintiff, the funds financed were to be repaid to the plaintiff, together with interest.

24. In the premium finance agreement, the insured, Red Hook, assigned its rights to unearned and return premiums to plaintiff.

25. The defendants were duly, properly, and lawfully notified of the assignment of unearned and return premiums to the plaintiff.

26. The insured, Red Hook defaulted, in whole or in part, on such payments.

27. Upon the default of the insured, plaintiff, pursuant to the premium finance agreements and the controlling statutes, directed the cancellation of the underlying policies of insurance issued by Aegis.

28. Upon information and belief, the aforesaid polices of insurance were canceled by Aegis.

## FIRST COUNT AGAINST AEGIS MANAGING AGENCY LIMITED, AEGIS SYNDICATE 1225

29. At the time the above policies were or should have been canceled, upon information and belief, at least $1,603,342.02 was due as and for return and/or unearned premiums from defendants Aegis.

30. Aegis has failed and refused to forward such sums to the plaintiff, although duly demanded.

31. By virtue of the foregoing, defendant Aegis Managing Agency Limited and Aegis Syndicate 1225 owes plaintiff the sum of $1,603,342.02.

## SECOND COUNT AGAINST CRC INSURANCE SERVICES, INC.

32. Prior to accepting the premium finance agreements forwarded to plaintiff and prior to advancing the premiums, on October 14, 2016 and March 28, 2017, plaintiff placed a call to CRC to confirm the existence of the policies and certain terms thereof. A representative of CRC advised plaintiff on both occasions that none of the policies had fully earned premium provisions.

33. Plaintiff justifiably relied upon such representations.

34. CRC knew that plaintiff would rely upon such representations since insurance premium finance loans are collateralized loans and the premium finance lender relies upon the existence of collateral, to wit: unearned premiums in the making of the loan, but for which neither plaintiff or any premium finance lender would make such loan.

35. Aegis has advised plaintiff that there are provisions in the policies of insurance by virtue of which the premiums were either auditable and/or loss sensitive, as a result of which unearned premiums would not be computed on either a standard short rate or pro rata formula.

36. Aegis maintains that the premiums were fully earned, notwithstanding the fact that the insurance policies were canceled prior to their stated terms.

37. CRC knew the terms of the coverage, including the terms and conditions of the premiums and

how they are earned, having placed it with Aegis.

38. By virtue of the foregoing the representations made by CRC to plaintiff, upon which plaintiff justifiably relied were false and incorrect and known by CRC at the time made to be false and incorrect.

39. Upon information and belief, CRC knew that Red Hook required a loan in order to pay the premiums for the insurance which CRC placed for it.

40. Upon information and belief, CRC obtained a commission for the placing of the aforesaid insurance.

41. But for the representations made by CRC to plaintiff, plaintiff would not have made the premium finance loans to Red Hook and CRC would not have received a commission.

42. By virtue of the foregoing, plaintiff has been damaged in the sum of $1,603,342.02.

43. There is now due and owning to the plaintiff from defendant CRC the sum of $1,603,342.02.

### THIRD COUNT AGAINST TRANSPORTATION WRITERS, INC.

44. In the premium finance agreements, Transportation represented that the "policies can be canceled by Insured or the company and the unearned premiums will be computed on the standard short rate or rata basis." Such representation, among others, was made and signed by an authorized agent of Transportation.

45. Upon information and belief, Transportation placed the aforesaid insurance through CRC who, in turn, procured the policies of insurance from an authorized agent of Aegis.

46. Plaintiff justifiably relied upon such representations.

47. Transportation knew that plaintiff would rely upon such representations since insurance premium finance loans are collateralized loans and the premium finance lender relies upon the existence of collateral, to wit: unearned premiums in the making of the loan, but for which neither plaintiff or any premium finance lender would make such loan.

48. Aegis has advised plaintiff that there are provisions in the policies of insurance by virtue of which the premiums were either auditable and/or loss sensitive, as a result of which unearned premiums would not be computed on either a standard short rate or pro rata formula.

49. Aegis maintains that the premiums were fully earned, notwithstanding the fact that the insurance policies were canceled prior to their statement terms.

50. Transportation knew the terms of the coverage, including the terms and conditions of the premiums and how they are earned, having placed it with Aegis.

51. By virtue of the foregoing the representations made by Transportation to plaintiff, upon which plaintiff justifiably relied were false and incorrect and known by Transportation at the time made to be false and incorrect.

52. Upon information and belief, Transportation knew that Red Hook required a loan in order to pay the premiums for the insurance which it placed for it.

53. Upon information and belief, Transportation obtained a commission for the placing of the aforesaid insurance.

54. But for the representations made by Transportation to plaintiff, plaintiff would not have made the premium finance loans to Red Hook and Transportation would not have received a commission.

55. By virtue of the foregoing, plaintiff has been damaged in the sum of $1,603,342.02.

56. There is now due and owning to the plaintiff from defendant Transportation the sum of $1,603,342.02.

WHEREFORE, plaintiff respectfully prays for judgment on the first count against Aegis Managing Agency Limited and Aegis Syndicate 1225 in the sum of $1,603,342.02, on the second count against CRC Insurance Services, Inc. in the sum of $1,603,342.02, and on the third count against Transportation Writers, Inc. in the sum of $1,603,342.02, together with interest, costs, and disbursements.

Dated: Mineola, New York
       January 26, 2018

STEVEN G. LEGUM
*Attorney for Plaintiff*
170 Old Country Road
Mineola, New York 11501
(516) 873-9300

by: _____
    Steven G. Legum